**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45532**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 31, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| FREDRICK D. ROY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Opinion and order denying motion to withdraw guilty plea and appoint new counsel, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Fredrick D. Roy appeals from the judgment of conviction and the opinion and order denying his motion to withdraw guilty plea and appoint new counsel. Roy challenges the district court's denial of the motion to appoint new counsel. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Roy pled guilty to unlawful possession of a firearm, Idaho Code § 18-3316. The district court accepted the terms of the plea agreement and imposed a sentence of two years determinate; however, the court stayed the execution of the sentence pending Roy's appeal from the denials of a motion to suppress and a motion in limine. On appeal, this Court affirmed the district court. *State v. Roy*, Docket No. 44472 (Ct. App. May 24, 2017) (unpublished).

1

Following issuance of the remittitur, the district court held a sentencing hearing. At the sentencing hearing, the court imposed a sentence of two years determinate. Also at the hearing, Roy requested that the $10,000 cash bond that his mother had posted on his behalf be released to his mother's estate. Following the hearing, the district court entered the judgment of conviction and an order of bond forfeiture or release, which required "that the Bond be applied to Fines, Costs and to any other Funds as Ordered by the Court" before any remaining sums could be disbursed to the estate of Roy's mother.

Thereafter, Roy filed a pro se motion to withdraw guilty plea and appoint new counsel. Roy attached a receipt from the district court to the motion that showed $8,905.77 of the $10,000.00 cash bond had been applied to amounts owing by Roy. Before the district court considered the motion to withdraw guilty plea and appoint new counsel, Roy also filed a pro se notice of appeal and motion for appointment of appellate counsel. The district court subsequently denied the motion to withdraw guilty plea and motion to appoint new counsel. In the opinion and order denying the motion to withdraw guilty plea and motion to appoint new counsel, the court wrote: "The Defendant also sought substitution of counsel in this motion. Subsequently, the Defendant filed a second appeal in this matter. The Defendant will be appointed counsel for that appeal, therefore, the motion for substitution of counsel is moot." Roy timely appeals.

## II.

## ANALYSIS

On appeal, Roy asserts the district court abused its discretion in denying the motion to appoint new counsel. The State, however, asserts the district court did not abuse its discretion in denying the motion. We agree.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, ___ Idaho ___, ___, 429 P.3d 149, 158 (2018).

Roy argues the district court abused its discretion in concluding Roy's motion for appointment of counsel was moot because it did not act consistently with the applicable legal

2

standard. According to Roy, the court should have considered the motion to appoint new counsel under the standard set forth in I.C. § 19-852(2)(c), which provides:

> An indigent person who is entitled to be represented by an attorney under subsection (1) of this section is entitled:
>
> . . . .
>
> (c) To be represented in any other post-conviction or post-commitment proceeding that the attorney or the indigent person considers appropriate, unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding.

Roy contends that because the court did not find the motion to withdraw guilty plea frivolous, he had the right to the assistance of counsel on that motion pursuant to I.C. § 19-852(2)(c).

The State argues Roy failed to show that the district court abused its discretion because Roy was, in fact, represented by appointed counsel when he filed his post-judgment pro se motions. Additionally, the State argues he misinterprets the motion before the district court as a motion for the appointment of counsel when the court properly construed it as a motion for substitution of counsel. Thus, the State contends any issue regarding substitution should not be considered because on appeal Roy did not make any arguments that the district court erred by denying the motion for substitution of counsel. Alternatively, the State argues that even if the substitution of counsel issue is considered on appeal, the district court properly denied Roy's motion for substitution of counsel because Roy was only entitled to substitute counsel upon a showing of good cause and none of the issues claimed by Roy rose to the level of good cause.

The district court correctly construed Roy's motion to appoint new counsel as a motion for substitution of counsel. The record reveals that Roy was represented by a court-appointed attorney at the time he filed the motion to appoint new counsel. At that time Idaho Criminal Rule 44.1 provided:

> No attorney may withdraw as an attorney of record for any defendant in any criminal action without first obtaining leave and order of the court . . . . Leave to withdraw as the attorney of record for a defendant may be granted by the court for good cause. Provided, an attorney may withdraw at any time after the final determination and disposition of the criminal action . . . but in the event of conviction an attorney may not withdraw without leave of the court until the expiration of the time for appeal from the judgment of conviction.

I.C.R. 44.1 (2015). The magistrate granted Roy's application for appointment of a public defender, and he was represented by court-appointed counsel throughout his case. Roy's

3

appointed counsel never obtained leave or an order from the district court permitting him to withdraw as attorney of record in this matter. In the district court's order appointing the State Appellate Public Defender to represent Roy on his initial appeal to this Court, the district court explicitly ordered Roy's court-appointed trial counsel to "continue to represent [Roy] in all other aspects of this case, subject to the further order of this court." In compliance with this order, Roy's court-appointed attorney appeared with Roy at the sentencing hearing following the issuance of the remittitur from Roy's initial appeal. The record clearly reveals that the district court never signed an order allowing Roy's appointed counsel to withdraw, and Roy filed the motion to withdraw guilty plea and appoint new counsel before the expiration of the time for appeal from the judgment of conviction. Thus, when Roy filed the pro se motion to withdraw guilty plea and appoint new counsel, less than one month after the sentencing hearing, he was still represented by his court-appointed public defender.

The text of Roy's motion also supports the conclusion that Roy was still represented by court-appointed counsel at the time he filed the motion to appoint new counsel. Roy referenced his appointed public defender by name several times in the motion. He also closed the motion by asking the court to "find [defense counsel] to be ineffective and Appoint Counsel who is capable of compliying [sic] with the rule 11 Plea agreement." Roy's decision to file the motion to withdraw guilty plea and appoint new counsel pro se effectively cut his own counsel out of the proceedings, and he has failed to show from the record that his court-appointed counsel would not or could not assist with the motion to withdraw guilty plea. Because Roy was represented by court-appointed counsel at the time he filed the motion to appoint new counsel, the district court correctly construed Roy's motion to appoint new counsel as a motion for substitution of counsel. Furthermore, the court did not act inconsistently with applicable law because there was no violation of I.C. § 19-852(2)(c).

Moreover, Roy made no showing that he needed substitute counsel. Roy was attempting to use the motion to withdraw guilty plea as a vehicle for recovering the cash bond that he alleged had been unlawfully applied to fines and debts before being relinquished to his mother's estate.[1] The bases of Roy's motion to withdraw guilty plea were: (1) an unsupported allegation

---

[1] The bond matter is not relevant to the withdrawal of Roy's guilty plea, but we make no comment on the application of the bond to fines, costs, and to any other funds as ordered by the court before any remaining sums could be disbursed to the estate of Roy's mother.

that the State had violated the Rule 11 plea agreement, and (2) an allegation that Roy's court-appointed counsel was either unable or unwilling to file an appeal in the Ninth Circuit Court of Appeals. Roy suggests on appeal that if the court had granted his motion to appoint new counsel, then counsel could have assisted him in properly challenging, among other things, the district court's application of the $10,000.00 cash bond posted by his mother to amounts owed by Roy, or the constitutionality of I.C. § 19-2908.[2] However, the district court correctly determined that there was "no basis for allowing [Roy] to withdraw his guilty plea," and denied the motion. Again, Roy failed to show that his court-appointed counsel would not or could not assist with the motion to withdraw guilty plea. Accordingly, it was within the district court's discretion to deny the motion for appointment of new counsel.

## III.

## CONCLUSION

The district court did not abuse its discretion by denying the motion to appoint new counsel. Accordingly, we affirm the judgment of conviction and the opinion and order denying his motion to withdraw guilty plea and appoint new counsel.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[2]     Idaho Code § 19-2908 provides:
> When bail has been posted by cash deposit and remains on deposit at the time of the judgment, the clerk of the court shall, under the direction of the court, apply the money in satisfaction of fines, fees, costs and restitution imposed in the case and fines, fees, costs and restitution that have been imposed against the defendant in any other criminal action, and after satisfying the fines, fees, costs and restitution, shall refund the surplus, if any, to the person posting the cash deposit.

5